IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

GERORD D. JOHNSON,                §
                                  §
              Plaintiff,          §
                                  §
VS.                               §   CIVIL ACTION H-11-3486
                                  §
SELECT ENERGY SERVICES, L.L.C.,   §
                                  §
              Defendant.          §

**OPINION AND ORDER**

Pending before the Court in the above referenced employment

discrimination action under the Texas Commission on Human Rights

Act ("TCHRA"), Texas Labor Code §§ 21.001-21.556,[1] and Title VII of

the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et*

---

[1] Although chapter 21 of the Texas Labor Code is known by its
popular name, the TCHRA, the state abolished the Commission on
Human Rights and transferred its powers and duties to the Civil
Rights Division of the Texas Workforce Commission.  The Texas
Supreme Court has announced that it will not refer to chapter 21
of the Texas Labor Code as the Commission on Human Rights Act,
but many courts still do.  *Little v. Texas Dept. of Criminal
Justice*, 148 S.W. 3d 374, 377-78 (Tex. 2004); *Perkins v.
Promoworks, L.L.C.*, Civ. A. No. H-11-442, 2012 WL 6530137, at *1
n.2 (S.D. Tex. Nov. 26, 2013).  To avoid confusion, this Court
will also refer to chapter 21 as the TCHRA.
    The TCHRA, Section 21.051 of the Texas Labor Code, provides
in relevant part, "An employer commits an unlawful employment
practice if because of race, color, disability, religion, sex,
national origin or age the employer . . . discharges an
individual, or discriminates in any other manner against an
individual in connection with compensation or the terms,
conditions, or privileges of employment . . . ."  Section
21.055(2) of the Texas Labor Code prohibits an employer from
committing an unlawful employment practice by retaliating or
discriminating against a person who makes or files a charge of
discrimination under the TCHRA.

*seq.*,[2] removed from state court based on a First Amended Petition

alleging sexual harassment, a sexually hostile work environment,

and retaliation,[3] are Defendant Select Energy Services, L.L.C.'s

---

[2] Under section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1), it is "an unlawful employment action for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."   The statute's prohibition of sex discrimination "protects men as well as women" and also applies when the plaintiff and the defendant are of the same sex.  *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78-79 (1998), *citing Newport News Shipbuilding Dry Dock Co. v. EEOC*, 462 U.S. 669, 682 (1983).
     Title 42 U.S.C. § 2000e-3(a) provides in relevant part, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

[3] Johnson's complaint further states that the sexual harassment and sexually hostile work environment violated his rights under the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must show that the defendant acted under color of state law.  *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).   The defendant must be a person who may fairly be said to be a state actor, either because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Richard*, 355 F.3d 352, *citing American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999), and *Lugar*, 457 U.S. at 937.   Because Select Energy is a private company and not a state actor, Johnson cannot state a claim against it for violation of his Fourteenth Amendment rights under § 1983.

("Select Energy's") (1) motion for summary judgment on limitations (instrument #19) and (2) motion for summary judgment on the merits (#22).

Because for the reasons stated below the Court concludes that Select Energy's motion for summary judgment on limitations should be granted as a matter of law, the Court does not reach the second motion for summary judgment, but issues a final judgment on limitations grounds.

**Allegations of Plaintiff's Amended Petition (#1, Ex. 4)**

Although Plaintiff Gerord D. Johnson's ("Johnson's") Original Petition (#1, Ex. 1), filed on April 18, 2012, sued Select Energy only under the TCHRA, his Amended Petition (#1, Ex. 4), filed on August 1, 2012, asserts the same facts, but is also grounded in Title VII, which provided the basis for the removal of this suit to this Court on August 9, 2012 on federal question jurisdiction.

In his amended pleading, Johnson, a male, states that Select Energy is in the business of oil and gas providing water solutions and wellsite services to oilfield operators, with its principal place of business in Harris County, Texas.  Johnson began working for Select Energy on or around October 2010 as a truck driver.  He complains that a female co-worker, Sheri Gilaspie ("Gilaspie"), subjected him to "constant and pervasive sexual advances and comments on several occasions."  On or about December 27, 2010 Johnson made a complaint to Select Energy regarding sexual

-3-

harassment by Gilaspie.[4]   Subsequently his supervisors, Chris Jones, Ronald Jones, and Mike Kelley, retaliated against him for filing the complaint by deliberately assigning him faulty trucks in need of significant repair, imposing arbitrary assignment changes that hindered his ability to perform his essential job duties, forcing him to handle HAZMAT duties when he was not licensed to perform them, denying him access to flame retardant protection material and clothing after he repeatedly requested them, and subjecting him to demeaning and hostile comments directly related to his sexual harassment complaint.   He claims that Select Services knew of the harassment and failed to take action.

On or about March 18, 2011 Johnson filed a complaint of retaliation with human resources.   Instead of investigating his complaint, Select Energy terminated him four days later.   On June 10, 2011[5] Johnson filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").   He subsequently received a right-to-sue letter dated February 2, 2012.

---

[4] Attached to Select Energy's motion for summary judgment (#19) are Johnson's handwritten complaint dated December 27, 2010 (Ex. 1) about Gilaspie's harassment and an excerpt of Johnson's deposition testimony on April 3, 2012 regarding this complaint (Ex. 2).   See also exhibits 1 and 3 to Johnson's response (#20).

[5] Select Energy disagrees with this date and, supported by copies of the charges (#19, Ex. 3), states that Johnson filed charges with both the Texas Workforce Commission and the EEOC on September 2, 2011.   Johnson has attached copies of the same charges to his response, #20, Exs. 5 and 7, that also reflect that the correct date is September 2, 2011.

**Standard of Review**

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which movant bears the burden of proof at trial; a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that

there is a genuine issue of material fact for trial.  *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994).

## Applicable Law

### A. Limitations Under Title VII and the TCHRA

Plaintiffs claiming employment discrimination under Title VII must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Failure to exhaust administrative remedies "is not a procedural 'gotcha' issue," but "a mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Industries, Inc.*, 519 F.3d 364, 272 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 198 (2008).  A private plaintiff must exhaust its administrative remedies before seeking relief by filing an administrative charge with the EEOC.  42 U.S.C. § 2000e-(5)(b); *Id.*   Under Title VII, 42 U.S.C. § 2000e-5(e)(1), a charge of discrimination must be filed with the EEOC within 180 days after the unlawful conduct occurred unless the aggrieved person has initiated proceedings with a State or local agency authorized to grant relief from such practice (in Texas, the Texas Workforce Commission, Civil Rights Division), under which circumstance he need only file his complaint with the EEOC within 300 days after the practice occurred or within thirty days after receiving notice that the State or local agency has terminated the

proceedings under the State or local law, whichever is earlier.  42

U.S.C. § 2000e-5(e)(1).[6]  A timely filing of the charge with the

EEOC is a prerequisite to filing a Title VII suit in federal

district court, and that action is "limited to the scope of the

EEOC investigation which can reasonably be expected to grow out of

the EEOC charge of discrimination.  *Hernandez v. City of Corpus

Christi*, 820 F. Supp. 2d 781, 793 (S.D. Tex. 2011).

Once the claimant receives a right-to-sue letter from the

EEOC, he has ninety days to file a civil action.  *Nilsen v. City of

Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982), citing 42

U.S.C. 2000e-5(f)(1).  The ninety-day period begins to run on the

---

[6] Texas created the TCHRA, since replaced by the  Texas
Workforce Commission, Civil Rights Division, as a "deferral
agency" to permit claims of employment discrimination to be
addressed first at the state level.  *Hernandez*, 820 F. Supp. 2d
at 793, *citing  Velma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir.
2000).  Under Texas Lab. Code §§ 21.201 and 21.202(a) the
aggrieved person must exhaust his state administrative remedies
before filing a lawsuit by first filing a complaint with the
Texas Workforce Commission within 180 days of the date the
alleged unlawful practice occurred.  Given the dual state-federal
system for employment discrimination claims, under 42 U.S.C. §
2000e-5(c) and 29 U.S.C. § 633(b), in a state with its own anti-
discrimination laws and enforcing agency, such as Texas, the EEOC
must defer its processing of a complaint until the state has at
least sixty days to investigate and attempt to resolve the
complaint.  *Id*.  Moreover Texas, through the TCHR, entered into a
1998 Worksharing Agreement with the EEOC under 42 U.S.C. § 2000e-
4(g)(1), to be amended annually, each designating the other as
its agent to receive charges:  if a complainant files his first
charge with the EEOC, it will be considered filed with the TCHR.
*Id*. & nn.2-4, *citing Griffin v. City of Dallas*, 26 F.3d 610, 612-
13 (5th Cir. 1994), and *Price v. Philadelphia Am. Life Ins. Co.*,
934 S.W. 2d 771, 773 (Tex. App.--Houston [14th Dist.] 1996, no
writ).

date a complainant receives his right-to-sue letter from the EEOC.

*Prewitt v. Continental Automotive*, ___ F. Supp. 2d ___, Civ. No. SA

2013 WL 705555, 2013 WL 705555, at *5 (W.D. Tex. Feb. 26, 2013),

*citing Bunch v. Bullard*, 795 F.2d 384, 387-88 (5th Cir. 1986).  The

ninety-day period is strictly construed.  *Id., citing  Taylor v.*

*Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)("affirming

the district court's dismissal of an employment discrimination

claim 'because [plaintiff] did not file his complaint until . . .

one day beyond the ninety-day period'"); *Ringgold v. Nat'l Maint.*

*Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)("'[Plaintiff's] suit, filed

92 days after delivery to his designated counsel of the right-to-

sue letter, was untimely.'"); and *Mohasco Corp. v. Silver*, 447 U.S.

807, 825 (1980)("A court should dismiss claims brought outside this

limitations period, because Congress 'clearly intended to encourage

the prompt processing of all charges of employment discrimination'

and to protect employers from defending claims arising from

employment decisions that are long past.").  Courts have allowed

equitable tolling of this limitations period where factual

allegations support such.  *Prewitt*, 2013 WL 705555 at *6, *citing*

*Granger v. Aaron's, Inc.*, 636 F.3d 708 (5th Cir. 2011)("tolling the

limitations period under Title VII where plaintiffs 'were diligent

about pursuing their rights and their attorney diligently and

repeatedly followed up on their claims within the [limitations]

period, notwithstanding his filing in the wrong forum"), *Rowe v.*

*Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992)("'[E]quitable tolling may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims.'"), and *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010)("affirming the district court's refusal to equitably toll the ninety-day filing period where plaintiff's attorney had inadvertently mismarked his calendar.'").  A plaintiff cannot revive a time-barred claim just by filing a new charge of discrimination and seeking a new notice-of-right-to-sue letter. *Prewitt*, 2013 WL 70555 at *7 ("[T]he ninety-day limitations period would be meaningless if potential Title VII plaintiffs could evade it simply by filing a new charge of discrimination."), *citing Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986)(same).

In enacting the TCHRA, the Texas Legislature intended to correlate "state law with federal law in the area of discrimination in employment."  *Gold v. Exxon Corp.*, 960 S.W.2d 378, 380 (Tex. App.--Houston [14th Dist.] 1998, no writ); *Autozone, Inc. v. Reves*, 272 S.W. 3d 588, 592 (Tex. 2008); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398. 403 n.2 (5th Cir. 1999)("[T]he law governing claims under the TCHRA and Title VII is identical."); *Muniz v. Columbia Sussex Caorp.*, 477 Fed. Appx. 189, 189 n.1 (5th Cir. May 14, 2012)(same).  TCHRA's express purpose is "the execution of the

policies embodied in Title VII." *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991); Texas Labor Code Ann. § 21.001(1). Therefore courts interpret the TCHRA as consistent with federal law. *Leatherwood v. Houston Post Co.*, 59 F.3d 533, 536 n.5 (5th Cir. 1995); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

The TCHRA also requires a complainant to exhaust his administrative remedies before filing a civil suit, but with some differences. He must file his administrative complaint with the Texas Workforce Commission Civil Rights Division within 180 days of the date the alleged unlawful practice occurred. *Hernandez*, 820 F. Supp. 2d at 793, *citing* Tex. Lab. Code § 21.2021 and § 21.202(a). Under Texas Labor Code § 21.254, "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." Texas courts have held that this section requires both that the suit be filed and that service of process on the defendant be effected within the 60-day period. *David G. Ocamp v. Laboratory Corp. of America*, No. Civ. SA04CA538-FB, 2005 WL 2708790, at *5 & nn. 103 and 104(collecting cases)(W.D. Tex. Sept. 6, 2009), *report and recommendation adopted*, 2005 WL 3434796 (W.D. Tex. Oct. 20, 2005). If the suit is filed inside the sixty days but service of process is effected beyond the sixty days, "'the date of service can relate back to the date of filing if the plaintiff exercised

due diligence in effectuating service upon the defendant.'" *Id.,
quoting Martin v. Southwest PCS, L.P.*, No. Civ. A. SA-03-CA-866,
2003 WL 22477695, at *3 (W.D. Tex. Nov. 3, 2003)(citing same cases
and *Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 WL 21508782,
at *2 (Tex. App.--Dallas July 1, 2003, rev. denied)(finding
Ocampo's claims of discrimination and retaliation under the TCHRA
time-barred because he did not effect service within the 60 days
and failed to raise a genuine issue of material fact regarding
whether he exercised due diligence in serving defendant), *report
and recommendation adopted in relevant part*, 2005 WL 3434796 (W.D.
Tex. Oct. 20, 2005).

B. **Relation Back Doctrine, Limitations, and Removal**

Texas Civil Practice and Remedies Code § 16.068 and Federal
Rule of Civil Procedure 15(c) contain relation-back doctrines which
permit an amended pleading to relate back to the date of an
original pleading when the amendment is based on the same
transaction or occurrence. *Burt v. City of New Boston, Texas*, No.
5:05CV33, 2006 WL 722102, at *3 (E.D. Tex. March 17, 2006).
Section 16.068 of the Texas Civil Practice and Remedies Code
provides,

> If a filed pleading relates to a cause of action, cross
> action, counterclaim, or defense that is not subject to
> a plea of limitation when the pleading is filed, a
> subsequent amendment or supplement to the pleading that
> changes the facts or grounds of liability or defense is
> not subject to a plea of limitation unless amendment or
> supplement is wholly based on a new, distinct, or

different transaction.

Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."

"When a federal court determines whether an amended petition relates back to an original petition and the amendment took place prior to removal, state law controls."   *Vela v. T-Mobile, USA, Inc.*, Civ. A. No. EP-04-CA-0382-PRM, 2005 WL 1404161, at *2 (W.D. Tex. May 16, 2005).   *In accord, Kopecki v. City of Corpus Christi*, Civ. A. No. C-06-513, 2007 WL 320975, at *5 (S.D. Tex. Jan. 30, 2007), *citing McConnell v. Thomson Newspapers, Inc.*, 802 F. Supp. 1484, 1496 (E.D. Tex. 2002); Mont Belvieu Square, Ltd. v. City of Mont Belvieu, 17 F. Supp. 2d 935, 939 n.1 (S.D. Tex. 1998); *Pac. Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400 (6th Cir. 2002); and *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980).

If Texas law applies, there is a two-step analysis. *Jefferson v. Hospital Partners of America, Inc.*, Civ. A. No. H-08-1535, 2009 WL 8758090, at *8 (S.D. Tex. May 18, 2009), *citing* Tex. Civ. Prac. & Rem. Code § 16.068 and *Vela*, 2005 WL 1404161 at *2.   *In accord, Burt*, 2006 WL 722102, at *3; *Latham v. Richey*, 772 S.W. 2d 249, 255 (Tex. App.--Dallas 1989).   "First, 'the original cause of action

asserted in the first pleading must not have been time-barred when filed, and second, the amended pleading which changes the facts or grounds of liability or defense must not be based on a new, distinct or different transaction or occurrence.'"  *Id., quoting Cook v. Maxam Tool & Supply, Inc.*, 854 S.W. 2d 136, 141 (Tex. App.--Houston [14th Dist.] 1993, no writ).

If the amendment occurs after removal, federal law controls. *Boone v. Union Carbide Corp.*, 205 F. Supp. 2d 689, 694 n.6 (S.D. Tex, 2002).  *In accord, McConnell*, 802 f. Supp. at 1498.

In *Rosales v. University of Texas at San Antonio*, No. SA-11-CV-487-XR, 2012 WL 10922 (W.D. Tex. Jan. 3, 2012), on July 9, 2101 the plaintiff filed a charge of race, national origin and age discrimination and retaliation with both the EEOC and the Texas Workforce Commission. On September 30, 2011 the EEOC issued a dismissal and notice of right to sue, which plaintiff received on October 4, 2011.  *Id.* at *1.  On October 19, the Texas Workforce Commission issued its notice of right to file a civil action.  *Id.* On January 3, 2011, beyond Texas' 60-day limitations period under Texas Labor Code § 21.54, the plaintiff filed suit in state court alleging discrimination and retaliation in violation of the TCHRA. *Id.* at *1-2.  On May 19, 2011 the plaintiff filed an amended petition, dropping his claims under the TCHRA and adding claims

under Title VII and the ADEA.[7]   *Id.*   The defendants removed the
case under federal question jurisdiction.   The defendant filed a
motion for summary judgment charging that the plaintiff's federal
discrimination claims were time-barred because the federal claims
cannot "relate back" to the petition filed on January 3, 2011
because they would "relate to" a cause of action that was barred by
limitations at the time the suit was filed.   *Id.*   The court
reasoned that because a state court has concurrent jurisdiction
over suits under these federal statutes and because the petition
was amended prior to removal, "[i]f the Defendants had not removed,
the Title VII and ADEA claims would be barred under state
procedural rules.   It is unclear why claims should be revived
simply because of removal."   *Id.* at *3.   The court adopted and
applied the holding of *Vela* that Texas' relation-back doctrine
applied and that the federal claims in the amended pleading were
time-barred, and it granted defendant's motion.

**Select Energy's Motion for Summary Judgment on Limitations (#19)**

With copies of all relevant documents attached to its motion,
Select Energy identifies the sole issue as "whether Plaintiff's
time-barred Title VII claims relate back to the filing of

---

[7]Plaintiff also filed claims under 42 U.S.C. § 1981, but they
failed as a matter of law because they were asserted against a
state entity entitled to Eleventh Amendment immunity. *See, e.g.,*
*Chehl v. Southern University and Agr. Mechanical College*, 34 Fed.
Appx. 963 (5th Cir. 2002).

Plaintiff's original petition in state court--which alleged only time-barred [TCHRA] claims."   Select Energy contends that because all of Plaintiff's claims are time-barred (since the TCHRA claims in the Original Petition were filed outside the 60-day limitations period under the Texas Labor Code and the Title VII claims added in the Amended Petition were filed outside the 90-day limitations period under that statute),[8] the "relation back" doctrine does not save the Title VII claims.   Thus the Court should grant its motion for summary judgment.

    As noted, Select Energy provides copies of the charges filed with the Texas Workforce Commission and the EEOC (#19-3) on September 2, 2011.   On December 30, 2011 the Texas Workforce Commission sent a letter (#19, Ex. 3 (Certified Business Records from EEOC)) notifying Johnson that it was closing its file on his complaint because it was "unable to conclude that the information obtained establishes any violation of the statutes" and informing him that he had sixty days to file a civil action.   On February 2, 2012 the EEOC adopted the findings of the Texas Workforce Commission and issued Johnson his right to sue (#19-3).   Not until

---

[8] The ADEA claims are subject to the same ninety-day window to file suit after receipt of the notice to sue letter under 42 U.S.C. § 2000e-5(f)(1).  *See, e.g., Smith v. Alcorn State University*, 451 Fed. Appx. 464, 465 (5th Cir. 2011), *citing Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009)(("A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC."); *Atkins v. Kempthorne*, 353 Fed. Appx. 934, 936 & n.2 (5th Cir. 2009).

April 18, 2012, 110 days after the Texas Workforce Commission issued Johnson his right, did Johnson file this suit in state court (#19, Ex. 4, Original Petition).  Select Energy filed a motion to dismiss Johnson's TCHRA claims based on limitations.  Johnson then filed his Amended Petition adding his Title VII claims on August 1, 2012, 181 days after EEOC issued his right to sue.  On August 9, 2012 Select Energy removed the case to this Court (Notice of Removal, #1 in this case).

Select Energy argues that Johnson's claims under the TCHRA are time-barred because he failed to file suit within the 60-day limitations period under § 21.254 of the Texas Labor Code after he received notice of his right to file a civil action from the Texas Workforce Commission on or around December 30, 2011.  It notes that although Johnson alleges in his Original Petition that he "received a right to sue letter dated February 2, 2012," that letter was his right to sue from the EEOC.  #19, Ex. 4 at ¶ 13; Ex. 3 at pp. 14 & 18.  These two notices are not interchangeable, nor does one trigger the limitations period for the other statute.  *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001); *Stafford v. Hunt County, Texas*, Civ. A. Nos. 3:10-CV-1378-M, 3:10-CV-1395-M, 2011 WL 2681972, at *3 & n.46 (N.D. Tex. July 11, 2011).

Similarly, Johnson's claims under Title VII are time-barred because he failed to file suit within the 90-day limitations period after receiving his right-to-sue notice on February 2, 2012 from

-16-

the EEOC pursuant to 42 U.S.C. § 2000e-5(f)(1), but waited 181 days until August 1, 2012. *Nilsen*, 674 F.3d at 381. Moreover, Johnson's claims under Title VII cannot relate back to his Original Petition, filed in state court, because the only claims asserted in that pleading (under TCHRA) were also time-barred at the time the suit was file. Although the Fifth Circuit has not addressed this issue, the great weight of district court authority in the Fifth Circuit mandates that Texas law determines whether Johnson's Title VII claims in his Amended Petition, filed prior to removal in state court, relate back to the date of the Original Petition. As discussed *supra* in the section addressing applicable law, Section 16.068 of the Texas Civil Practice & Remedies Code applies and this Court should dismiss the entire suit as time-barred under Federal Rule of Civil Procedure 56.

## Johnson's Response (#20)

Johnson's argument in opposition lacks merit. He claims that his Original Petition, timely filed on April 18, 2012, 76 days after receipt of his EEOC right-to-sue notice on February 2, 2012, asserts claims under both the TCHRA and Title VII.

## Court's Decision

As Select Energy points out in its Reply (#21 at p. 2) this Court ruled in its Opinion and Order of September 19, 2012 (#7) that the Original Petition did not contain claims arising under Title VII. Morever an examination of the Original Complaint now

confirms that ruling.  Johnson argues that because his Original Petition contains a reference to the EEOC right-to-sue letter, he asserted claims under Title VII.  In that Opinion and Order the Court opined that a mere reference to a right-to-sue letter does not "magically transform" a petition into one containing federal claims.  #7 at p.2.  *See also Maheshwari v. University of Texas-Pan American*, 460 F. Supp. 2d 808, 811-12 (S.D. Tex. 2006)("Plaintiff's references to Title VII and the ADA in the 'Conditions Precedent' section appear to relate to Plaintiff's 'anticipation of avoidance of defenses' and are not allegations that affirmatively state a claim under federal law.  Moreover, that Plaintiff's reference to his EEOC claim does not in itself affirmatively invoke federal question jurisdiction is supported by various district court decisions in this and other Circuits.")(and cases cited therein).

Moreover the Court refers the parties to its discussion in the Applicable Law section of this Opinion and Order, which supports this Court's conclusion here that Select Energy's motion for summary judgment should be granted as a matter of law.  Johnson does not plead any facts that would support equitable tolling.  Accordingly, for these reasons the Court

ORDERS that Select Energy's motion for summary judgment on limitations (instrument #19) as to all claims asserted by Johnson

is GRANTED.

      **SIGNED** at Houston, Texas, this <u>24th</u> day of <u>September</u>, 2013.


                  _____
                          MELINDA HARMON
                 UNITED STATES DISTRICT JUDGE