```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHER DISTRICT OF TEXAS
                         HOUSTON DIVISION

ENRICA GONZAGA,                    §
                                   §
              Plaintiff,           §
                                   §
VS.                                §    CIVIL ACTION H-11-3486
                                   §
CRANE WORLDWIDE LOGISTICS, LLC,    §
                                   §
                                   §
              Defendant.           §
```

**OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

Pending before the Court in the above referenced cause alleging employment discrimination based on race, national origin, sex, age, and retaliation under Title VII of the Civil Right Act, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a), is Defendant Crane Worldwide Logistics, LLC's motion for summary judgment on the grounds that Plaintiff Enrica Gonzaga's claims are time barred under 42 U.S.C. § 2000e-5(e)(1)[1] (instrument #19). Defendant has

---

[1] Section 2000e-5(e)(1) states,

(e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency . . . .

(1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the

asserted an affirmative defense of statute of limitations under § 2000e-5(e)(1).

## Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Initially the movant bears the burden of identifying those

---

> person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Thus a plaintiff may bring a claim for discrimination under Title VII within 300 days if she has first filed her charge with a state or local agency, which in Texas, a deferral state, is the Texas Workforce Commission.  *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009).

portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which movant bears the burden of proof at trial; a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir. 1998).

Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'" *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'" *Id.*, *quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999), *citing Celotex*, 477 U.S. at 322, and *Liberty Lobby*, 477 U.S. at 249-50.

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.,* 14 F.3d 1056, 1060 (5th Cir. 1995)(for the

party opposing the motion for summary judgment, "only evidence--not argument, not facts in the complaint--will satisfy' the burden."), citing *Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).  The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial."  *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), citing *Celotex*, 477 U.S. at 324.

Where a complaint is time-barred on its face, the court need not give the plaintiff a chance to amend.  *Townsend v. BAC Home Loans Servicing, LP,* 461 Fed. Appx. 346, 351-52 (5th Cir. 2011).

**Defendant's Motion for Summary Judgment (#19 and 23)**

Defendant points out that Gonzaga's sworn Charge of Discrimination (Ex. A) identifies February 12, 2010, when she was terminated, as the last day that discrimination by Defendant took place.  Under § 2000e-5(e)(1), her claims had to be filed within three hundred days after the alleged unlawful practice occurred or within thirty days after she received notice that the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission had terminated its proceedings, whichever is earlier  She filed a Charge of Discrimination with the Texas Workforce Commission on April 8, 2011, and she received a Notice of Right to Sue letter issued by the EEOC on June 29, 2011.  Ex. A.  Plaintiff

filed suit on September 26, 2011, five hundred and ninety-two (592) days after the date of the last discriminatory act and ninety (90) days after she received the notice of termination.  Thus Defendant insists that her claims are time-barred.

### Plaintiff's Response (#22)

Plaintiff argues that she filed her civil suit within 90 days of receiving her right to sue letter from the EEOC on June 29, 2011, as required by 42 U.S.C. § 2000e-5(f)(1).  Moreover she insists her claims are not time-barred because she substantially complied with § 2000e-5(e)(1).  She insists her claim was held up because the original EEOC investigator delayed in handling it and then retired, leaving it unfinished.

Defendant objects that Plaintiff provides no evidence to support her claim and that it is based purely on hearsay.

### Court's Decision

Under 42 U.S.C. § 2000e-5(f)(1), Title VII gives claimants ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC.  *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982).  The time requirement is strictly construed.  *Ringgold v. Nat'l Maintenance Corp.*, 674 F.2d 769, 770 (5th Cir. 1986);; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)("Courts within [the Fifth] Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.").

Here, Plaintiff filed her suit on the 90th day after receiving her right to sue letter from the EEOC. However, a claimant must exhaust the administrative process and receive her statutory notice of right to sue before filing a civil action. *Taylor*, 296 F.3d at 378-79. Plaintiff failed to file a timely charge with the EEOC within 300 days of the last discriminatory act; in fact she missed the deadline by 192 days, hardly "substantial compliance." Thus the EEOC's subsequent delay in issuing a right to sue letter is irrelevant and Plaintiff's claims are time-barred.

Accordingly, the Court

ORDERS that Defendant's motion for summary judgment is GRANTED. Final judgment will issue by separate order.

**SIGNED** at Houston, Texas, this  27th  day of  June , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE